**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 22-01-BLG-SPW** |
| **Plaintiff,** | |
| **vs.** | **PRELIMINARY ORDER OF FORFEITURE** |
| **CHASE DAVID CARMODY,** | |
| **Defendant.** | |

WHEREAS, in the indictment in the above case, the United States sought forfeiture of any property of the above-captioned person, pursuant to 18 U.S.C. § 924(d), as property used or intended to be used to facilitate the violations alleged in the indictment, or as proceeds of said violation;

And whereas, on February 18, 2022, the defendant entered a plea of guilty to the indictment, which charged him with prohibited person in possession of a firearm;

1

And whereas, the indictment contained a forfeiture allegation that stated that as a result of the offenses charged in the indictment, the defendant shall forfeit the following property:

### Firearms
- Mossberg, Model 500A, 12-gauge shotgun (S/N K003014)
- Mossberg, pump-action 12-gauge shotgun (S/N T590943)
- Ruger, Model 10/22, .22 caliber carbine rifle (S/N 244-61702)
- Marlin, Model 336 RC, 30-30 caliber rifle (S/N H24025)
- Rossi, Model Rio Grande, 30-30 caliber rifle (S/N SS107975)
- Savage, Model 93R17, .17 caliber rifle (S/N 0669017)
- Savage, Stevens Model 940, Breech Action 1-gauge shotgun (S/N not visible)
- Kel Tec, Model P11, 9mm pistol (S/N A9E14)
- Colt, Model Exercito Brasileiro 1940, .45 caliber pistol (S/N 10224)
- Ruger, Model Mark II, .22 caliber pistol (S/N 213-20413)
- Para Ordnance, .45 caliber pistol (S/N PG012774)
- Ruger, Model Redhawk, 44 Magnum revolver (S/N 503-36643)
- Smith and Wesson, Model 1000, 12-gauge shotgun (S/N FC01384)

### Ammunition
- One round of .45 caliber Winchester ammunition
- Magazine with 7 rounds of Speer .45 caliber auto ammunition removed from Colt .45 pistol.
- Box with appx. 700 small pistol primers and 500 large pistol primers
- Bag containing 31 rounds of 16-gauge shotgun shells, 2 boxes of Remington Game Load 16-gauge shotgun shells
- One box with appx. 5 rounds of XTRA-range 410-gauge rifled slugs
- 150 rounds of Remington 17 GR V-Max Hornady .17 HMR ammunition
- 100 rounds of Remington .17 HMR ammunition
- 116 rounds of CCI .17 HMR TNT ammunition

- 40 rounds of Federal Classic 30-30 ammunition
- 13 rounds of Winchester 30-30 ammunition
- 10 rounds of Bellot Buck Shot
- 1,475 rounds of .22 Thunderbolt ammunition
- 10 rounds of CCI long rifle ammunition
- 81 rounds of CCI long rifle hollow point ammunition
- 325 rounds of Federal 22LR ammunition
- 657 rounds of assorted .45 caliber ammunition
- 99 rounds of Remington 38 Special ammunition
- 63 rounds of 357 ammunition
- 268 rounds of 38 special ammunition
- 93 rounds of Speer Bullets Round Balls
- 868 rounds of assorted 9mm ammunition
- 600 rounds of 38 special ammunition
- 175 rounds of assorted ammunition
- 745 rounds of assorted .44 caliber ammunition
- 13 rounds of 12-gauge Rio ammunition
- 348 rounds of assorted shotgun ammunition
- 185 rounds of assorted ammunition loaded in 5 large Ruger magazines
- 114 rounds of assorted ammunition loaded in 9mm and .45 caliber magazines

And whereas, by virtue of said guilty plea, the United States is now entitled to possession of the property, pursuant to 18 U.S.C. § 924(d), and Rule 32.2(b)(2), Federal Rules of Criminal Procedure.

ACCORDINGLY, IT IS ORDERED:

1. That based upon the plea of guilty by the defendant to the indictment, the United States is authorized and ordered to seize the property described above.

3

This property is forfeited to the United States for disposition in accordance with the law, subject to the provisions of 18 U.S.C. § 924(d).

2.    That the aforementioned forfeited property is to be held by the United States in its secure custody and control.

3.    That, pursuant to 21 U.S.C. § 853(n)(1), the United States forthwith shall publish at least once for three successive weeks in a suitable means of general circulation notice of this order, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practical, provide direct written notice to any person known to have alleged an interest in the property that is the

subject of the preliminary order of forfeiture, as a substitute for published notice as to those persons so notified.

4.    That upon adjudication of all third-party interests, this Court will enter a final order of forfeiture, pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED this _____23rd_____ day of February, 2022.

Susan P. Watters
SUSAN P. WATTERS
United States District Court Judge

5